**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 112948

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Diane Navas, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Commonwealth Financial System, Inc. and Pendrick Capital Partners II, LLC, | |
| Defendants. | |

Diane Navas, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Commonwealth Financial System, Inc. and Pendrick Capital Partners II, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.    Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.      Plaintiff Diane Navas is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      On information and belief, Defendant Commonwealth Financial System, Inc., is a Delaware Corporation with a principal place of business in New castle County, Delaware.

8.      On information and belief, Defendant Pendrick Capital Partners II, LLC, is a New York Limited Liability Company with a principal place of business in Warren County, New York.

9.      Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.      Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.      Defendants allege Plaintiff owes a debt ("the Debt").

12.      The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13.      Sometime after the incurrence of the Debt Plaintiff fell behind on payments owed.

14.      Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

15.      In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated January 23, 2017. (**"Exhibit 1."**)

16.      The letter was the initial communication Plaintiff received from Defendants.

17.      The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

18.      15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

19.     15 U.S.C. § 1692g(a)(3) requires the notice to include a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector.

20.     There is no requirement that the consumer dispute the debt in writing.

21.     It is a violation of the FDCPA to require disputes be made in writing.

22.     It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

23.     It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

24.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

25.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

26.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be made in writing.

27.     The Letter states:

> **SEND ALL CORRESPONDENCE TO**:
> Commonwealth Financial Systems
> 245 Main Street
> Dickson City PA 18519

28.     Disputes need not be in writing.  *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013).

29.     Disputes may be made orally.

30.     The language concerning correspondence with Defendant overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

31.     The language concerning correspondence with Defendant contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

32.     The language concerning correspondence with Defendant, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

33.     The language concerning correspondence with Defendant, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

34.     The language concerning correspondence with Defendant, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

35.     Defendant has violated § 1692g, as the above-referenced language overshadows the information required to be provided by that Section.  *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

36.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

38.     Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

39.     The question of whether a collection letter is deceptive is determined from perspective of the "least sophisticated consumer."

40.     The collection letters could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing.  *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016); *Balke v. Alliance One Receivables Management, Inc.*, No. 16-CV-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

41.     Because the Letter is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

42.     The least sophisticated consumer would likely be deceived by the Letter.

43.     The least sophisticated consumer would likely be deceived in a material way by the Letter.

44.     The misrepresentation is material because it could impede the least sophisticated consumer's ability to respond to the letter or dispute the debt.

45.     Defendant has violated § 1692e by using a false, deceptive, and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

46.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a consumer debt using a form collection letter substantially similar to that at issue herein, that includes the phrase "SEND ALL CORRESPONDENCE TO," from one year before the date of this Complaint to the present.

47.     This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

48.     Defendants regularly engage in debt collection.

49.     The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts using a form collection letter substantially similar to that at issue herein, that includes the phrase "SEND ALL CORRESPONDENCE TO," from one year before the date of this Complaint to the present..

50.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

51.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

52.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

### JURY DEMAND

53.     Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.      Certify this action as a class action; and

b.      Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c.      Find that Defendants' actions violate the FDCPA; and

d.      Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e.      Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.      Grant Plaintiff's costs; together with

g.      Such other relief that the Court determines is just and proper.

DATED: January 23, 2018

**BARSHAY SANDERS, PLLC**

By:   ___/s/ Craig B. Sanders_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 112948

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530